UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES NICHOLS<br><br>        Plaintiff,<br><br>v.<br><br>FAIR WIND, INC and<br>F/V MICHAEL & KRISTEN<br><br>        Defendants. | Civil Action No.: 1:21-cv-11238 |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

Now comes the Plaintiff James Nichols in the above-captioned matter and for his Complaint states:

## PARTIES

1. Plaintiff James Nichols (hereinafter referred to as "Plaintiff") is an individual who resides at 11 Western Avenue, East Millinocket, ME 04430.

2. Upon information and belief, Defendant Fair Wind, Inc. (hereinafter referred to as "Defendant Fair Wind") is a domestic corporation with a principal place of business located at 54 South Terrace, Beverly, County of Essex, Commonwealth of Massachusetts, 01915 and at all times hereafter referred to, owned, operated and/or controlled F/V MICHAEL & KRISTEN ("Defendant Vessel"), which did and continues to do business in the Commonwealth of Massachusetts.

## JURISDICTION

3. Plaintiff incorporates by reference all of the allegations contained in the foregoing paragraphs as if they were fully restated herein.

4.     This Court has subject matter jurisdiction over this matter pursuant to The Merchant Marine Act of 1920, commonly known as the Jones Act, 46 U.S.C. §30104.

5.     This Court also has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1333.

6.     This Court has personal jurisdiction over Defendants because Defendants have at all relevant times purposefully availed themselves of the benefits, profits, and privileges deriving from its business activities in the Commonwealth of Massachusetts and Plaintiff's injuries alleged herein arise from Defendants' business activities within the Commonwealth of Massachusetts.

## VENUE

7.     Plaintiff incorporates by reference all of the allegations contained in the foregoing paragraphs as if they were fully restated herein.

8.     Venue is proper pursuant to 28 U.S.C. §1391 where the Defendant Fair Wind is a Massachusetts corporation and maintains a principal office within the judicial district and Defendant Vessel is a commercial fishing vessel registered in Massachusetts.

## STATEMENT OF FACTS

7.     Plaintiff incorporates by reference all of the allegations contained in the foregoing paragraphs as if they were fully restated herein.

8.     At all times relevant hereto, Plaintiff was employed as a commercial fisherman aboard the F/V MICHAEL & KRISTEN.

9.      On or about August 23, 2018, while F/V MICHAEL & KRISTEN was in navigable
waters and while Plaintiff was in the exercise of due care and in the performance
of his duties as a seaman, as a direct result of negligent actions of the Captain of
the F/V MICHAEL & KRISTEN, Plaintiff was caused to go over the stern of the
vessel and was dragged approximately ten (10) to fifteen (15) fathoms under the
water for a prolonged period of time.

10.     More specifically, the Captain was not watching while the crew was setting its trawl,
and not paying attention or watching Plaintiff on deck.

11.     Nor did the Captain require a "spotter" or other seaman to remain on the deck while
Plaintiff was working there.

12.     Plaintiff's right foot was grabbed by a rope attached to the trap and he fell to the
deck and overboard and under the water.

13.     Plaintiff was eventually pulled from the water, after suffering the pain and anguish
of being dragged under water on a moving vessel.

14.      Plaintiff immediately began suffering from extreme anxiety and/or anguish as a
result of this incident.

15.     Plaintiff continued to fish commercially for the next several months, with increasing
levels of anxiety and anguish that also manifested in him physically, including heart
palpitations, nausea and shortness of breath.

16.     Several months later, as a result of these feelings and physical symptoms directly
resulting from the incident, he informed Defendants that he was no longer able to
perform his job as a commercial fisherman.

17.   Plaintiff eventually developed, among other mental health issues, Post Traumatic Stress Disorder (hereinafter "PTSD") that worsened over time, has resulted in severe mental and physical pain and Plaintiff, in turn, has had difficulty performing regular activities.

**COUNT I: JONES ACT NEGLIGENCE**
**(JAMES NICHOLS v. FAIR WIND, INC.)**

18.   Plaintiff incorporates by reference all of the allegations contained in the foregoing paragraphs as if they were fully restated herein.

19.   Fair Wind, Inc. owed a duty to Plaintiff to, among other things, provide a reasonably safe place to work.

20.   Fair Wind, Inc. breached this duty to Plaintiff, which in turn caused him to suffer injuries.

21.   More specifically, the personal injuries sustained by Plaintiff were not caused by any fault on his part but were caused by the negligence of Fair Wind, Inc. and its agents, servants and/or employees as follows:

(a) Failing to provide Plaintiff with a reasonably safe place in which to work;

(b) Failing to provide adequate supervision, tools, and manpower;

(c) Failure and negligence of Captain and/or fellow crewmembers;

(d) Failure and negligence in other respects that will be shown at the trial.

22.   As a result of the negligence of Defendant Fair Wind, Inc., Plaintiff was caused to sustain severe and permanent mental and emotional injuries, including, but not limited to, PTSD.

23. As a result of said injuries, Plaintiff has suffered anguish of his mind, incurred medical expenses and likely to incur future medical expenses, and has sustained and will continue to sustain other damages that will be shown at trial.

24. As a further result of said injuries, Plaintiff has lost a considerable amount in wages from his employment and Plaintiff's power and capacity to work and earn money in the future have been permanently disabled.

25. Plaintiff claims damages in the amount to be shown by evidence at trial for his injuries; for his mental and physical pain and suffering, past, present, and future; past loss of earnings; loss of earning capacity; and for his expenses of medical treatment.

26. This cause of action is brought under the Merchant Marine Act of 1920, commonly known as the Jones Act, 46 U.S.C. §30104.

**WHEREFORE**, Plaintiff demands judgment against Defendant Fair Wind, Inc. for all recoverable compensatory damages to fully and fairly compensate him for his injuries and damages, in addition to court costs, pre and post-judgment interest, attorney's fees, and such other relief as the Court deems just.

## COUNT II: JONES ACT NEGLIGENCE
### (JAMES NICHOLS v. F/V MICHAEL & KRISTEN)

27. Plaintiff incorporates by reference all of the allegations contained in the foregoing paragraphs as if they were fully restated herein.

28. F/V MICHAEL & KRISTEN owed a duty to Plaintiff to, among other things, provide a reasonably safe place to work.

29. F/V MICHAEL & KRISTEN breached this duty to Plaintiff, which in turn caused him to suffer injuries.

30.  More specifically, the personal injuries sustained by Plaintiff were not caused by any fault on his part but were caused by the negligence of F/V MICHAEL & KRISTEN and its agents, servants and/or employees as follows:

(e) Failing to provide Plaintiff with a reasonably safe place in which to work;

(f)  Failing to provide adequate supervision, tools, and manpower;

(g) Failure and negligence of Captain and/or fellow crewmembers;

(h) Failure and negligence in other respects that will be shown at the trial.

31.  As a result of the negligence of F/V MICHAEL & KRISTEN, Plaintiff was caused to sustain severe and permanent mental and emotional injuries, including, but not limited to, PTSD.

32.  As a result of said injuries, Plaintiff has suffered anguish of his mind, incurred medical expenses and likely to incur future medical expenses, and has sustained and will continue to sustain other damages that will be shown at trial.

33.  As a further result of said injuries, Plaintiff has lost a considerable amount in wages from his employment and Plaintiff's power and capacity to work and earn money in the future have been permanently disabled.

34.  Plaintiff claims damages in the amount to be shown by evidence at trial for his injuries; for his mental and physical pain and suffering, past, present, and future; past loss of earnings; loss of earning capacity; and for his expenses of medical treatment.

35.  This cause of action is brought under the Merchant Marine Act of 1920, commonly known as the Jones Act, 46 U.S.C. §30104.

**WHEREFORE**, Plaintiff demands judgment against Defendant F/V MICHAEL & KRISTEN for all recoverable compensatory damages to fully and fairly compensate him for his injuries and damages, in addition to court costs, pre and post-judgment interest, attorney's fees, and such other relief as the Court deems just.

## COUNT III: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (JAMES NICHOLS v. FAIR WIND, INC.)

36.     Plaintiff incorporates by reference all of the allegations contained in the foregoing paragraphs as if they were fully restated herein.

37.     As a result of its negligent actions and its failure to provide a reasonably safe place to work, Fair Wind, Inc. negligently inflicted emotional distress on Mr. Nichols, causing him to suffer, among other injuries, mental and physical pain and suffering, past, present, and future; past loss of earnings; loss of earning capacity; and for his expenses of medical treatment.

**WHEREFORE**, Plaintiff demands judgment against the Defendant Fair Wind, Inc., in an amount sufficient to fully and fairly compensate him for maintenance and cure, including but not limited to punitive and compensatory damages, costs, interests and attorney's fees.

## COUNT IV: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (JAMES NICHOLS v. F/V MICHAEL & KRISTEN)

38.     Plaintiff incorporates by reference all of the allegations contained in the foregoing paragraphs as if they were fully restated herein.

39.     As a result of its negligent actions and its failure to provide a reasonably safe place to work, F/V MICHAEL & KRISTEN negligently inflicted emotional distress on Mr. Nichols, causing him to suffer, among other injuries, mental and physical pain and

suffering, past, present, and future; past loss of earnings; loss of earning capacity; and for his expenses of medical treatment.

**WHEREFORE**, Plaintiff demands judgment against the Defendant F/V MICHAEL & KRISTEN, in an amount sufficient to fully and fairly compensate him for maintenance and cure, including but not limited to punitive and compensatory damages, costs, interests and attorney's fees.

## COUNT V: GENERAL MARITIME LAW – UNSEAWORTHINESS
### (JAMES NICHOLS v. FAIR WIND, INC.)

40.    Plaintiff incorporates by reference all of the allegations contained in the foregoing paragraphs as if they were fully restated herein.

41.    Fair Wind, Inc. owed a duty to Plaintiff to, among other things, provide a reasonably safe place to work, which included providing him a seaworthy vessel.

42.    Fair Wind, Inc. breached this duty to Plaintiff, which in turn caused him to suffer injuries.

43.    More specifically, the personal injuries sustained by Plaintiff were due to no fault of his, but were caused by the unseaworthiness of the F/V MICHAEL & KRISTEN.

44.    As a result of said injuries, Plaintiff sustained severe and permanent PTSD.

45.    As a result of said injuries, Plaintiff has suffered anguish of his mind, incurred medical expenses and likely to incur future medical expenses, and has sustained and will continue to sustain other damages that will be shown at trial.

46.    As a further result of said injuries, Plaintiff has lost a considerable amount in wages from his employment and Plaintiff's power and capacity to work and earn money in the future have been permanently disabled.

47.     Plaintiff claims damages in the amount to be shown by evidence at trial for his injuries; for his mental and physical pain and suffering, past, present, and future; past loss of earnings; loss of earning capacity; and for his expenses of medical treatment.

48.     The cause of action is brought under the General Maritime Law for Unseaworthiness.

**WHEREFORE**, Plaintiff demands judgment against Defendant Fair Wind, Inc. for all recoverable compensatory damages to fully and fairly compensate him for his injuries and damages, in addition to court costs, pre and post-judgment interest, attorney's fees, and such other relief as the Court deems just.

### COUNT VI: GENERAL MARITIME LAW – UNSEAWORTHINESS
### (JAMES NICHOLS v. F/V MICHAEL & KRISTEN)

49.     Plaintiff incorporates by reference all of the allegations contained in the foregoing paragraphs as if they were fully restated herein.

50.     F/V MICHAEL & KRISTEN owed a duty to Plaintiff to, among other things, provide a reasonably safe place to work, which included providing him a seaworthy vessel.

51.     F/V MICHAEL & KRISTEN breached this duty to Plaintiff, which in turn caused him to suffer injuries.

52.     More specifically, the personal injuries sustained by Plaintiff were due to no fault of his, but were caused by the unseaworthiness of the F/V MICHAEL & KRISTEN.

53.     As a result of said injuries, Plaintiff sustained severe and permanent PTSD.

54.     As a result of said injuries, Plaintiff has suffered anguish of his mind, incurred medical expenses and likely to incur future medical expenses, and has sustained and will continue to sustain other damages that will be shown at trial.

55.     As a further result of said injuries, Plaintiff has lost a considerable amount in wages from his employment and Plaintiff's power and capacity to work and earn money in the future have been permanently disabled.

56.     Plaintiff claims damages in the amount to be shown by evidence at trial for his injuries; for his mental and physical pain and suffering, past, present, and future; past loss of earnings; loss of earning capacity; and for his expenses of medical treatment.

57.     The cause of action is brought under the General Maritime Law for Unseaworthiness.

        **WHEREFORE**, Plaintiff demands judgment against Defendant F/V MICHAEL & KRISTEN for all recoverable compensatory damages to fully and fairly compensate him for his injuries and damages, in addition to court costs, pre and post-judgment interest, attorney's fees, and such other relief as the Court deems just.

### COUNT VII: GENERAL MARITIME LAW – MAINTENANCE AND CURE
### (JAMES NICHOLS v. FAIR WIND, INC.)

58.     Plaintiff incorporates by reference all of the allegations contained in the foregoing paragraphs as if they were fully restated herein.

59.     As a result of the personal injuries described above, Plaintiff has incurred and will continue to incur expenses for his maintenance and cure.

        **WHEREFORE**, Plaintiff demands judgment against the Defendant Fair Wind, Inc., in an amount sufficient to fully and fairly compensate him for maintenance and cure, including but not limited to punitive and compensatory damages, costs, interests and attorney's fees.

## <u>COUNT VIII: GENERAL MARITIME LAW – MAINTENANCE AND CURE</u>
### (JAMES NICHOLS v. F/V MICHAEL & KRISTEN)

60.     Plaintiff incorporates by reference all of the allegations contained in the foregoing

paragraphs as if they were fully restated herein.

61.     As a result of the personal injuries described above, Plaintiff has incurred and will

continue to incur expenses for his maintenance and cure.

**WHEREFORE**, Plaintiff demands judgment against the Defendant F/V MICHAEL

& KRISTEN, in an amount sufficient to fully and fairly compensate him for maintenance

and cure, including but not limited to punitive and compensatory damages, costs,

interests and attorney's fees.

### <u>JURY DEMAND</u>

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,
Plaintiff, James Nichols
By his attorneys,


*/s/ Matthew M. Cianflone*
Michael B. Flynn, Esq. BBO No. 559023
mflynn@flynnwirkus.com
Matthew M. Cianflone, Esq. BBO No. 679922
mcianflone@flynnwirkus.com
FLYNN|WIRKUS|YOUNG, P.C.
350 Granite Street, Suite 1204
Braintree, MA 02184
P: (617) 773-5500
Date: July 30, 2021             F: (617) 773-5510